**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 30 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Antwon Walls )
)
v. )
)
Compass Recovery Group LLC )

1:25-cv-13281
Judge Virginia M. Kendall
Magistrate Beth W. Jantz
RANDOM / Cat. 2

**NATURE OF ACTION**

This action arises under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii), for Defendant's unauthorized, unsolicited, and automated call to Plaintiff's cellular phone without prior express consent. Defendant's call was made using an automated telephone dialing system ("ATDS") and/or other technology capable of dialing stored telephone numbers. Defendant's actions were willful and knowing, with the call intruding upon Plaintiff's privacy, causing nuisance, and interfering with the use and enjoyment of his cellular phone.

**JURISDICTION AND VENUE**

This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the TCPA, a federal statute. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred within this District.

**PARTIES**

Plaintiff Antwon Walls is a resident of 819 S Miller St #B, Chicago, IL 60607, and defendant Compass Recovery Group LLC is a debt collector operating at 3135 Walden Ave, Ste. 4, Depew, NY 14043-2700. Defendant engages in debt collection practices, including a call made to plaintiff via automated dialing systems and/or other capable technology to make unsolicited contact to consumers' phones.

## BACKGROUND

On June 4, 2024, Defendant willfully and knowingly placed an unsolicited call to Plaintiff's cellular phone using an ATDS and/or other device without prior express consent. The call began with a five-second period of silence, followed by a robotic message stating: "This message is meant solely for:" before being transferred to a live representative. The live representative identified herself and disclosed that the call was from a debt collector. After the live portion, the call disconnected following 12 seconds of silence. Plaintiff has never provided his information to Defendant, nor consented to receive calls, nor had any prior dealings or relationship with Defendant. The call was intrusive, unsolicited, and constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii).

## STATEMENT OF HARM AND STANDING

Plaintiff has suffered concrete and particularized injuries as a result of Defendant's conduct. The call intruded upon Plaintiff's privacy, disrupted the use and enjoyment of his cellular phone, and caused annoyance and nuisance. Even a single automated call constitutes a concrete injury under TCPA jurisprudence. See *Gadelhak v. AT&T Services, Inc.,* 950 F.3d 458, 462 (7th Cir. 2020). a concrete injury under TCPA jurisprudence.

## LEGAL FRAMEWORK AND AUTHORITIES

I.      Under 47 U.S.C. §227(b)(1)(A)(iii), the TCPA prohibits the use of an ATDS to call or send text messages to a cellular phone without prior express consent.

II.     *Susinno v. Work Out World* Inc., 862 F.3d 346 (3d Cir. 2017), held that even a single pre-recorded call to a cell phone constitutes a concrete injury to privacy interests, even if the call does not result in a charge to the recipient.

**III.** *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014), clarified that TCPA prohibitions apply regardless of whether the called party is charged for the call.

**IV.** Congress has granted the FCC discretion to exempt such calls only by rulemaking under § 227(b)(2)(C)—which it has not done.

**V.** The ATDS definition is broad. *Marks v. Crunch San Diego,* 904 F.3d 1041 (9th Cir. 2018), held that an ATDS includes equipment that can automatically dial stored numbers, even if it does not use a random or sequential number generator or randomly dial numbers.

**VI.** The Seventh Circuit has recognized that unwanted calls and text messages invade privacy and cause nuisance, both of which qualify as concrete harm under Article III. See *Gadelhak v. AT&T Services, Inc.,* 950 F.3d 458, 462 (7th Cir. 2020).

**VII.** Common law has long recognized actions for invasion of privacy through intrusion upon seclusion, including unwanted telephone calls. See *Restatement (Second) of Torts § 652B (Am. Law Inst. 1977);* see also *Carey v. Statewide Fin. Co.,* 223 A.2d 405 (Conn. Cir. Ct. 1966); see also *Housh v. Peth,* 133 N.E.2d 340 (Ohio 1956).

**VIII.** Defendant's conduct falls squarely within these principles, as the misdirected call to Plaintiff's personal cellular phone intruded upon his seclusion and disrupted his peace of mind.

**WILLFULNESS AND KNOWLEDGE**

Defendant's automated system, robotic introduction, and lack of consent demonstrate willful and knowing violations of the TCPA. The deliberate initiation of the call using an ATDS and/or other capable device qualifies for treble damages under 47 U.S.C. §227(b)(1)(A)(iii), justifying treble damages of $1,500 per violation.

## **CLAIM FOR RELIEF**

Each unsolicited call constitutes a separate violation of the TCPA. Plaintiff seeks statutory damages of $500 per violation, trebled to $1,500 per willful and knowing violation under 47 U.S.C. §227(b)(1)(A)(iii). Total statutory damages claimed: $1,500. Plaintiff further seeks injunctive relief prohibiting Defendant from placing additional calls to his cellular phone.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award $1,500 in total statutory damages for each violation of the TCPA, which includes treble damages for willful and knowing misconduct;

b. Grant injunctive relief prohibiting further unsolicited calls to Plaintiff's cellular number;

c. Award costs any other relief this Court deems just and proper.

Respectfully submitted,
Antwon Walls
819 S Miller St #B
Chicago, IL 60607
Plaintiff, Pro Se